UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER BERRY,

        Plaintiff,

-vs-                                                                            Case No. 2:09-cv-765-FtM-29SPC

KIM CANADY; FLORIDA DEPARTMENT OF
CORRECTIONS,

        Defendants.
_____

## ORDER

This matter comes before the Court on the Plaintiff, Christopher Berry's Motion for Leave to Amend the Complaint (Doc. #17) filed on February 21, 2010. The Plaintiff moves the Court for leave to amend the Complaint in order to correct the defects.

Under rule 15(a), a party may amend the party's pleading only by leave of court or by written consent of the adverse party after a responsive pleading has been served. Fed. R. Civ. P. 15(a); Keene v. Teco Energy Corp., 2000 WL 230243 (M.D. Fla.). "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." Laurie v. Alabama Court of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). However, pursuant to Fed. R. Civ. P. 15(a), timely motions for leave to amend are held to a very liberal standard and leave to amend should be freely given when justice so requires. Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Company, 184 F.R.D. 674, 678 (M.D. Fla 1999). Thus, Rule 15(a) limits the court's discretion by requiring that leave to amend must be "freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962); Nat'l. Independent Theatre Exhibitors, Inc. v.

Charter Financial Group, Inc., 747 F.2d 1396, 1404 (11th Cir. 1984). As a result, the Court must provide substantial justification if the Court denies a timely filed motion for leave to amend. Laurie, 256 F.3d at 1274. "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment.'" Id.

Here, the Plaintiff seeks to amend the Complaint to correct statute citations and other defects. The Court notes Counsel failed to include a M.D. Fla. Local Rule 3.01(g) certification to advise the Court as to whether opposing Counsel objects to the relief sought in the motion. However, District courts have broad discretion in managing their cases. Chrysler Int'l Corp. v. Chenaly, 280 F.3d 1358, 1360 (11th Cir. 2002). Having found good cause, the Court will grant permission to amend the Complaint. Counsel is reminded to comply with the Local Rules and include a certification on all further pleadings.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Christopher Berry's Motion for Leave to Amend the Complaint (Doc. #17) is **GRANTED**. The Clerk is directed to accept the Amended Complaint as filed and docket it as a separate docket entry.

**DONE AND ORDERED** at Fort Myers, Florida, this  18th  day of March, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record