UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER BERRY,

                Plaintiff,

-vs-                                                      Case No.  2:09-cv-765-FtM-29SPC

KIM CANADY,

                Defendant.
_____

**ORDER**

      This matter comes before the Court on the Defendant Kim Canady's Motion to Stay Discovery and/or Protective Order Pending the Defendant's Motion to Dismiss for Qualified Immunity  (Doc. #56) filed on February 15, 2011.  The Defendant notes that pursuant to M.D. Fla. Local Rule 3.01(g), she sought the Plaintiff's position on the Motion but to date has not received a response regarding whether or not the Motion is opposed.  The Plaintiff did not file a response in opposition to the Motion and the time to do so has now expired.  Therefore, the Court will address the Motion without the benefit of the Plaintiff's response.

      The Defendant moves the Court to stay discovery until her Motion to Dismiss based upon qualified immunity has been decided. Qualified immunity is intended to protect officials from the costs of 'broad-reaching' discovery. Crawford-El v. Britton, 523 U.S. 574, 593 n. 14, 118 S. Ct. 1584, 140 L. Ed.2d 759 (1998).  In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted). "A court may resolve

the issue of qualified immunity before allowing discovery." S.D. v. St. Johns County School District, 2009 WL 4349878 * 3 (M.D. Fla. November 24, 2009) (citing Caraballo-Sandoval, et al., v. R.E. Honsted, 35 F.3d 521, 524 (11th Cir.1994) (emphasis added).

In Moore v. Potter, the Eleventh Circuit found no abuse of discretion where a District Court stayed discovery reasoning that, pending the resolution of a motion to dismiss on qualified immunity grounds, "neither the parties nor the court have any need for discovery before the court rules on the motion." 141 Fed. Appx. 803, 807 (11th Cir.2005). Since the Defendant in this instance filed a Motion to dismiss based upon the defense of qualified immunity, the Court finds good cause to grant the stay.

Accordingly, it is now

**ORDERED:**

The Defendant Kim Canady's Motion to Stay Discovery and/or Protective Order Pending the Defendant's Motion to Dismiss for Qualified Immunity (Doc. #56) is **GRANTED**. Discovery in this case is hereby **STAYED** until such time as the District Court has ruled upon the Defendant's Motion to Dismiss.

**DONE AND ORDERED** at Fort Myers, Florida, this   2nd    day of March, 2011.

_____
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record