UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER BERRY,

                    Plaintiff,

vs.                                    Case No.  2:09-cv-765-FtM-29SPC

KIM CANADY,

                    Defendant.
_____

**<u>OPINION AND ORDER</u>**

        This matter comes before the Court on defendant Kim Canady's
Motion to Dismiss (Doc. #27) plaintiff's Amended Complaint (Doc.
#24) filed on April 1, 2010.[1]  Plaintiff Christopher Berry filed
his response (Doc. #35) on May 5, 2010.  Defendant Kim Canady
asserts that the Amended Complaint should be dismissed for failure
to state a claim and because she is entitled to qualified immunity.
In the Amended Complaint, plaintiff alleges violations of his civil
rights under 42 U.S.C. § 1983 (Count I) and the Florida Civil
Rights Act, Fla. Stats. §760.01 (Count III), intentional infliction
of emotional distress (Count IV) and false imprisonment and arrest
(Count V).[2]

_____

        [1]The Florida Department of Corrections and Kim Canady filed
this motion (Doc. #27) as a joint motion to dismiss.  The Court
granted the Florida Department of Corrections' motion on November
12, 2010 and dismissed the Department from the action.  (Doc. #53.)

        [2]Count II asserted a negligence claim solely against the
Department of Corrections.  That Count was dismissed by the Court's
previous Opinion and Order. (Doc. #53.)

**I.**

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  Erickson v. Pardus, 551 U.S. 89, 93 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002).  "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed."  James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).  The former rule--that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)--has been retired by Twombly.  James River Ins. Co., 540 F.3d at 1274.  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).  The Court need not accept as true legal conclusions or mere conclusory statements.  Id.

The Court must limit its consideration to well-plead factual allegations, documents central to or referenced in the complaint,

and matters judicially noticed.  La Grasta, 358 F.3d at 845.  The Court may consider documents which are central to plaintiff's claim whose authenticity is not challenged, whether the document is physically attached to the complaint or not, without converting the motion into one for summary judgment.  Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).

## II.

The following material facts are set forth in the Amended Complaint (Doc. #24):  On June 11, 2006, plaintiff Christopher Berry (plaintiff or Berry) was lawfully stopped by police for a traffic violation.  After searching his person and vehicle, the police found a controlled substance and arrested him.  On July 6, 2006, Berry was charged with possession of a controlled substance, driving under the influence, and driving without a valid driver's license.  On October 31, 2006, Berry plead no contest to the charges and was sentenced to 24 months probation for the possession of a controlled substance charge, 6 months probation (concurrent) for driving under the influence and time served for driving without a valid driver's license.  The sentence included applicable fines and court costs.

Less than one month later, Berry violated his probation.  A revocation hearing took place on July 27, 2007.  At that hearing, defense counsel and the Assistant State Attorney agreed to modify

Berry's probation to include the completion of a rehabilitation program run by the Salvation Army. At the time they agreed to this modification, they believed the program would require 6 months to complete. The judge set aside the prior sentence (24 months and 6 months to run concurrently) and re-sentenced Berry to 6 months probation which required, among other things, the completion of the Salvation Army program.

Subsequently, the parties determined that the Salvation Army rehabilitation program could not be completed in 6 months and a hearing was set to extend Berry's probation. The court, however, refused to do so, explaining that once Berry completed his probation, the court would be divested of jurisdiction and would have no authority to make any modifications or extensions.

Probation Officer Kim Canady (defendant or Canady) advised the court that the Salvation Army program was a condition of Berry's probation, and as it appeared that Berry would not complete the program, she would be compelled to file an affidavit of violation of probation. The court responded that it would not be prudent to have Berry arrested because his failure to complete the program would not constitute a "willful" violation.

Four days later, Canady signed an affidavit of violation of probation, citing Berry for the following violations: (1) failing to make fines payments, (2) failing to perform community service, (3) failing to attend a Victim Impact Panel, and (4) failing to

attend DUI school.   No violation of any condition related to the Salvation Army was alleged.   The affidavit was presented to the same circuit judge, who issued a warrant for Berry's arrest on January 14, 2008.

Berry was arrested on January 22, 2008 and incarcerated in the Lee County Jail for approximately four and one-half hours.   On February 4, 2008, the court dismissed the warrant.[3]

### III.

Defendant Canady raises the defense of qualified immunity. "Qualified immunity offers complete protection for government officials sued in their individual capacities when acting within their discretionary authority if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."   Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1305 (11th Cir. 2009)(internal citations and quotation omitted.)

The standard for qualified immunity is well established. First, the government official must show that she was engaged in a "discretionary function" when she committed the allegedly unlawful acts.   If the official acted within his or her discretionary authority, the burden shifts to the plaintiff to show that

---

[3]The Court takes judicial notice of Berry's probation sentence entered on July 25, 2007, the affidavit for violation of probation, the warrant, Berry's booking sheet, and the court minutes from the revocation hearing which took place on February 4, 2008.   (Docs. ## 13-4, 13-6, 13-7, 13-8.)

qualified immunity is not appropriate.  To do this plaintiff must show: (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the violation. See Corey Airport Servs., Inc. v. Decosta, 587 F.3d 1280, 1285 (11th Cir. 2009).

### A.

The parties do not dispute that defendant Canady was engaged in a "discretionary function" when she signed the affidavit of violation of probation.  (Doc. #35, p. 5.)  Therefore, the Court will consider only whether plaintiff has shown that qualified immunity is not appropriate.

### B.

"Once the defendants establish that they were acting within their discretionary authority, the burden shifts to the plaintiff to demonstrate that qualified immunity is not appropriate." Gray v. Bostic, 458 F.3d 1295, 1303 (11th Cir. 2006).  This is done by showing that the officer violated a constitutional right, and that the right was clearly established at the time of the incident. Mercado v. City of Orlando, 407 F.3d 1152, 1156 (11th Cir. 2005).

Here, Berry alleges that Officer Canady violated his Fourth Amendment right to be free from unreasonable searches and seizures. U.S. CONST. amend. IV.[4]  Berry argues that there was no probable

---

[4]The Fourth Amendment applies to the states via the Fourteenth Amendment.  Hardy v. Broward Cnty. Sheriff's Office, 238 F. App'x
(continued...)

cause to believe that he had violated a condition of his probation and thus no grounds for Canady to submit the violation of probation affidavit which ultimately led to Berry's arrest and detention. (Doc. #35, p. 4.)  The Court disagrees.

In the context of a claim based upon false arrest or detention, an officer is entitled to qualified immunity if he or she had "arguable probable cause," which the Eleventh Circuit has defined as situations where "reasonable officers in the same circumstances and possessing the same knowledge as the Defendant[] could have believed that probable cause existed to arrest" the plaintiff. Davis v. Williams, 451 F.3d 759, 762 (11th Cir. 2006). The probation violation affidavit lists four independent violations of probation, none of which relate to the defendant's inability to complete the Salvation Army program.  Berry does not dispute the accuracy of the affidavit or the validity of the violations listed therein.  Instead, he argues that these violations were not "willful and substantial" and any reasonable probation officer would have considered such violations mere technicalities.  The Court is unpersuaded by Berry's argument.

To comply with constitutional standards, an arrest warrant must be supported only by probable cause of a violation and be under oath or affirmation.  Kalina v. Fletcher, 522 U.S. 118, 129

---

[4](...continued)
435, 440 n.5 (11th Cir. 2007).

(1997).   Under Florida law, a probationer may be arrested on a warrant charging "minor" or "technical" violations of probation; it is only **at trial** that the violation must be shown to have been willful and substantial.   State v. Carter, 835 So. 2d 259, 261-62 (Fla. 2002).   A reasonable probation officer in Canady's position would have had ample probable cause to submit the petition for an arrest warrant.   None of the violations related to the Salvation Army program, and there is no challenge to the validity of the alleged violations.   The Court has reviewed the violations and finds that Officer Canady had at least "arguable probable cause" to submit the affidavit of violation of probation to the presiding judge.   Therefore, Officer Canady is entitled to qualified immunity.

## IV.

Since judgment is being entered on the only federal claim, the Court must decide whether to retain jurisdiction over the state law claims alleged in the other counts.   Exercising its discretion under 28 U.S.C. § 1367(c), the Court declines to retain jurisdiction over these state claims.   There are uniquely state law issues which relate to the state law claims, and plaintiff will suffer no prejudice if the Court declines to retain jurisdiction. Such a dismissal is encouraged where the federal claim is dismissed prior to trial.   Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89

(11th Cir. 2004)(citing <u>L.A. Draper & Son v. Wheelabrator-Frye, Inc.</u>, 735 F.2d 414, 428 (11th Cir. 1984)).

Accordingly, it is now

**ORDERED**:

1.   Defendant Kim Canady's Motion to Dismiss (Doc. #27) is **GRANTED**.

2.   The Clerk of the Court shall enter judgment dismissing Count I as to defendant Kim Canady with prejudice; and dismissing Counts III, IV, and V without prejudice pursuant to 28 U.S.C. § 1367(c).   The Clerk shall further enter judgment pursuant to the November 12, 2010, Opinion and Order (Doc. #53) dismissing the Florida Department of Corrections with prejudice as to claims for money damages and without prejudice as to claims for injunctive relief.

3.   The Clerk is further directed to terminate all deadlines and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this  11th  day of March, 2011.


_____
**JOHN E. STEELE**
**United States District Judge**


Copies:
Counsel of record